UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60882-CIV-LENARD/GOODMAN

EMESS CAPITAL LLC,

    Plaintiff,

v.

SCOTT W. ROTHSTEIN and
TD BANK, N.A.

    Defendants.
_____/

## AGREED PROTECTIVE ORDER

Plaintiff and Defendant TD Bank, N.A., hereby stipulate and agree that, upon entry by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Agreed Protective Order (the "Order"), shall govern the disclosure of confidential information in the above-referenced case, *Emess Capital LLC v. TD Bank, N.A.,* 10-60882-Civ-Lenard/Goodman, currently pending in the United States District Court for the Southern District of Florida (the "Action"), including information produced by nonparties.

    1.    <u>Scope of Order</u>. All information disclosed through discovery pursuant to the Federal Rules of Civil Procedure in this Action is subject to this Order and shall be deemed Confidential Information to the extent that it is designated as Confidential Information pursuant to this Order. Confidential Information shall not be used or disclosed to anyone except as provided in this Order. For the purposes of this Order, the term "Information" includes documents, testimony, written discovery, deposition transcripts and other communications of any kind (whether oral, written or otherwise), and the contents or substance thereof. Anything

that discloses the contents or substance of Confidential Information shall be deemed Confidential Information for purposes of this Order.

2. <u>What Information May Be Designated Confidential</u>.  Information may be designated as Confidential Information if the party or nonparty making the designation believes or asserts in good faith that such material:

   (a) constitutes a trade secret, proprietary information or other sensitive or confidential business records, data, research, development or commercial information;

   (b) private, financial or other sensitive information, including but not limited to private information protected by statute, rule, regulation or other rights of privacy; or

   (c) is otherwise properly subject to a confidentiality order under Rule 26(c) of the Federal Rules of Civil Procedure.

3. <u>Who May Designate Information Confidential</u>.  Information produced in discovery pursuant to the Federal Rules of Civil Procedure in this Action, including but not limited to documents, interrogatory answers and deposition testimony, may be designated as Confidential Information, in whole or in part by (i) the party or nonparty producing the information or (ii) any party to this Action asserting an interest in maintaining the confidentiality of such information.

4. <u>No Restriction on Party's or Nonparty Own Confidential Information</u>.  The provisions of this Order requiring confidential treatment of Confidential Information or restricting the use of Confidential Information shall not be construed to prevent any party or nonparty from using or disclosing its own Confidential Information in the Action or otherwise. In the event of such use or disclosure, any party that is subject to maintaining confidentiality shall be relieved of such obligation with respect to the Confidential Information so used or

disclosed, except under circumstances in which the disclosure or use does not compromise its confidentiality.

     5.     <u>Manner in Which Information May Be Designated Confidential</u>.  A party or nonparty may designate information as Confidential Information by giving notice in writing or on the record of a deposition or court proceeding, to all parties to this Action who received the information that the information is being designated as Confidential Information.  In addition, a person producing a document may designate the document and the contents thereof as Confidential Information by producing the document marked with the word "Confidential."  The failure to mark a document as "Confidential" at the time of production shall not constitute a waiver of the right to designate the document as Confidential Information at a later time.

     A party or non-party seeking to designate information as Confidential Information should do so:

- a. at the time any such information or a copy of any such document is provided to the requesting party;

- b. prior to or at the time any such document or information is produced for inspection;

- c. in the case of testimony, at the time the testimony is given by so stating on the record or, within 15 days after the transcript of such testimony is made available to the designating party by providing to all counsel written notice of those portions of the transcript so designated; the Court Reporter shall promptly conform the original transcript of such testimony by stamping the word CONFIDENTIAL on each page so designated; all counsel shall conform their copies of the transcript in accordance with the designation; the portions so designated shall not be utilized or disclosed by any other party, its agents, or its employees except in accordance with the terms of this Order; regardless of whether any designations are made by counsel at the deposition or during the time period within which a party may make a designation, all parties will treat the transcript as having been designated CONFIDENTIAL for fifteen (15) days from receipt of such transcript; or

      d.      in the case of information presented in a pleading or memorandum, at the time of filing.

6. <u>Withdrawal of Designation or Consent to Disclosure or Use</u>. A party or nonparty designating information as Confidential Information may withdraw such designation or may consent to the disclosure or use of such information beyond the terms of this Order, without prejudice to any designation by any other party or nonparty, by so notifying all parties to this Action in writing or on the record of a deposition or court proceeding.

7. <u>Restriction on Disclosure of Confidential Information</u>. Any person receiving Confidential Information as a result of discovery in this Action shall, pursuant to the Federal Rules of Civil Procedure, have a duty to preserve its confidentiality. Confidential Information shall not be disclosed to anyone other than:

    (a)    the parties counsel;

    (b)    employees of such counsel assigned to and necessary to assist such counsel in this Action;

    (c)    the officers, directors, employees, principals, or partners of the parties to this Action;

    (d)    consultants or experts, to the extent necessary to assist a party counsel in this Action;

    (e)    witnesses, to the extent necessary for the purposes of this Action;

    (f)    court reporters, to the extent necessary for the purposes of this Action; and

    (g)    court personnel to the extent necessary for the purposes of this Action.

Without limiting the generality of these restrictions on disclosure, Confidential Information shall not be provided to any person unless that person is one of the persons to whom disclosure is expressly authorized under subparagraphs (a) through (g) of this paragraph. Confidential Information shall be used solely for the prosecution or defense of claims in this lawsuit.

Confidential Information shall not be used in any other judicial, regulatory or administrative proceeding, and shall not be used for any other purpose (including but not limited to commercial, business, competitive or other purposes), for any reason whatsoever, without the prior written consent of the designating party or nonparty (and, if required, the consent of a regulatory agency or other authority), and shall be disclosed to no one except those listed herein in paragraph 7.

8. <u>Notification of Restriction on Use and Disclosure</u>.  Before any person listed in paragraph 7 (a) through (g)  is given access to Confidential Information the person shall receive and read a copy of this Order, and shall execute a copy of the verification thereof, in the form attached hereto as Exhibit A, which shall be maintained by the attorney of record who provides access to Confidential Information to such person and a copy of which undertaking shall be promptly provided to opposing counsel upon request.  Every such person shall be subject to such terms, including but not limited to the requirement that such Confidential Information may not be disclosed to any person other than as authorized by this Order.

9. <u>Notice of Intent to Use Confidential Information in Depositions or Hearings, at Trial or in Court Filings</u>.  Counsel shall give notice in accordance with this paragraph if counsel intends to file with the Court any transcript, pleading, affidavit, memorandum, exhibit or other document containing or constituting Confidential Information.  Such notice shall be given to counsel for each party and to counsel for any nonparty that has designated the information as Confidential Information pursuant to this Order.  The notice shall be given reasonably in advance of such inquiry, use or filing of Confidential Information, to enable the person receiving such notice to assert its rights under this Order, to move the Court for further relief, or to waive compliance with this Order.  The confidentiality of any Confidential Information in depositions shall be maintained as specified in paragraph 10 hereof.  Any Confidential Information filed with

the Court shall be filed under seal as specified in paragraph 11 hereof. Any party, and any nonparty producing Confidential Information, may move the Court to establish such further safeguards as may be necessary to protect against disclosure of Confidential Information.

      10.     <u>Confidential Information in Depositions</u>.  If counsel for any party or counsel for any nonparty witness determines that testimony given or to be given during a deposition in this Action is Confidential Information, such counsel may request that all persons, other than counsel, the court reporter, the witness and other persons entitled to receive Confidential Information pursuant to Paragraph 7 hereof, leave the deposition room during the confidential portion of the deposition.  Further, each transcript of a deposition shall be treated as Confidential Information until fifteen (15) days after such transcript is actually received by counsel for each party and for the witness, in order to permit such counsel to designate portions of the transcript and exhibits as Confidential Information.  Upon such timely designation, the Court Reporter shall promptly conform the original transcript of such testimony by stamping the word CONFIDENTIAL on each page so designated, all counsel shall conform their copies of the transcript in accordance with the designation, and the portions so designated shall not be utilized or disclosed by any other party, its agents, or its employees except in accordance with the terms of this Order.

      11.     <u>Sealing of Confidential Information in Court Filings</u>.  The Clerk of this Court is directed to maintain under seal all materials filed with this Court in this Action by any party or nonparty to this Action which are, in whole or in part, designated as Confidential Information, including but not limited to all pleadings, affidavits, deposition transcripts, trial transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information.  The Confidential Information shall be filed in sealed envelopes or other

appropriate sealed containers, which shall be endorsed with the title of this Action, an indication of the nature of the contents of such sealed envelopes or other containers, the words **CONFIDENTIAL - FILED UNDER SEAL**, and a statement in substantially the following form: his envelope contains documents filed under seal by [name of party or other person filing documents] pursuant to a Protective Order of the Court. It is not to be opened or the contents thereof displayed or revealed except by Order of this Court.

12. <u>Notice of Demand for Confidential Information</u>.  In the event that any party or other person who has received Confidential Information in this Action is requested or required to disclose any Confidential Information, whether by subpoena, interrogatory, request for production, request for admission, civil investigative demand, oral question in a deposition or hearing, or any other procedure or process (each of which is referred to herein as a Demand, such person shall promptly notify counsel for all parties and for any nonparty who designated the material as Confidential Information pursuant to this Order.  Such notice shall be given promptly, and in no event more than two (2) business days after receipt of the Demand, to enable the notified person to seek a protective order or other appropriate remedy or to waive compliance with the provisions of this Order.  In the event that a protective order is not obtained, the person receiving the Demand shall not disclose any Confidential Information, except to the extent required by law.

13. <u>Information that is not Confidential</u>. Notwithstanding anything to the contrary contained herein, Confidential Information does not include information: (i) that is or becomes generally available to the public other than as a result of a disclosure by a party, person, or entity in breach of this Order; or (ii) that is or becomes available to the receiving party on a non-confidential basis from a source other than the other parties or a producing nonparty in this

Action, provided that such source is not bound by a confidentiality agreement with or other contractual, legal, or fiduciary obligation of confidentiality to any other party or producing nonparty in this Action with respect to such information.

14. <u>Disclosure of Confidential Information</u>.  If any Confidential Information is disclosed to any person or entity other than in the manner authorized by this Order, the person or entity responsible for the disclosure shall, upon discovery of the disclosure, promptly inform the party or person who designated the disclosed information Confidential of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made and the date of disclosure, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information and to retrieve from that unauthorized person all copies of documents containing that Confidential Information.

15. <u>Challenge to Designation of Confidentiality</u>.  Nothing in this Order shall limit any of the parties from challenging designations of confidentiality under this Order, or from requesting the Court to provide further or additional protections of confidentiality, or from agreeing between themselves to any modification of this Order subject to approval of the Court.  If any Party objects to the designation of any material as "CONFIDENTIAL," the parties will meet and confer in an effort to resolve the dispute.  If the designating and objecting parties are unable to resolve the dispute, then, within 10 days of the objection, the designating party shall apply to the Court for a determination in accordance with Florida law and the standards set forth in this Order.  A failure of a party to challenge a designation of confidentiality when made shall not be a waiver of that party right to later assert that the information actually is not confidential

or entitled to the protection of this Order. The contested information and documents shall retain their protected confidential status pending resolution of the dispute.

16. <u>No Waiver of Objections to Admissibility</u>. This Order and the definitions herein shall not constitute a waiver by the parties of any objection which might be raised as to the production or use of documents and information, including the admissibility of any documents or information into evidence in this Action and each party reserves such rights, privileges and objections. Moreover, this Order does not constitute an agreement to produce any documents, including but not limited to documents which a party is prohibited from producing by law or regulation.

17. <u>Survival of Order: Retention of Jurisdiction</u>. The provisions of this Order shall survive the termination of this Action. This Court retains jurisdiction following the termination of this Action for purposes of any proceedings for the enforcement or modification of this Order.

18. <u>Disposition of Confidential Information</u>. Unless the Court orders otherwise, at the conclusion of this Action or such earlier time as the parties to this Action may agree, all Confidential Information in the possession of the parties or their counsel shall be returned to the person who produced such information or destroyed at the option of the person who produced such information. All persons who have received Confidential Information in this Action shall certify in writing, within 30 days of the conclusion of this Action, that all Confidential Information has in fact been returned or destroyed.

19. <u>Right to Seek Modification or Further Order</u>. Nothing herein shall preclude any party from seeking from the Court (a) a modification of this Order, subject to the procedures set forth in paragraph 14 hereof, or (b) a further protective order.

20. <u>Paragraph Titles</u>.  The paragraph titles in this Order are for convenience of reference only and shall not in any way restrict or alter the meaning of any provision hereof.

Dated: January 28, 2011

IT IS SO ORDERED:

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

| EMESS CAPITAL LLC | TD BANK, N.A. |
| By its attorneys, | By its attorneys, |
| | |
| /s/ *David S. Mandel* | /s/ *Glenn E. Goldstein* |
| _____ | _____ |
| David S. Mandel, Esq. | Glenn E. Goldstein, Esq. |
| Fla. Bar No. 38040 | Fla. Bar No. 435260 |
| **dmandel@mandel-law.com** | **goldsteing@gtlaw.com** |
| MANDEL & MANDEL LLP | GREENBERG TRAURIG, P.A. |
| 169 East Flagler Street, Suite 1200 | 401 East Las Olas Boulevard, Suite 2000 |
| Miami, FL 33131 | Fort Lauderdale, FL 33301 |

Dated:   Jan 14, 2011             Dated:   Jan. 14, 2011

**EXHIBIT A**

**DECLARATION**

I hereby declare my understanding that Confidential Information is being provided to me pursuant to the restrictions of the attached Agreed Protective Order dated January 28, 2011 and entered into between all parties in the following case: *Emess Capital LLC v. TD Bank, N.A.,* 10-60882-Civ-Lenard/Goodman, pending in the United States District Court for the Southern District of Florida.

I further declare that I have been given a copy of and have read the Agreed Protective Order and have agreed to be bound by and act in accordance with it. I also understand that I am required to return all such Confidential Information, including copies thereof, to producing counsel no later than thirty (30) days following the closing of this case, unless otherwise provided in the Order.

Name: _____

Address: _____

Work Telephone Number: _____

E-mail Address: _____

Dated: _____