## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60882-CIV-LENARD/O'SULLIVAN

**EMESS CAPITAL, LLC**,

      Plaintiff,

v.

**SCOTT W. ROTHSTEIN and TD BANK, N.A.**,

      Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (D.E. 142) AND GRANTING IN PART AND DENYING IN PART DEFENDANT TD BANK, N.A.'S MOTION TO STRIKE PLAINTIFF'S REPLY OR FOR LEAVE TO FILE SUR-REPLY (D.E. 168)

**THIS CAUSE** is before the Court on Plaintiff Emess Capital, LLC's ("Emess") Motion for Leave to File Amended Complaint ("Pl.'s Mot.," D.E. 142), filed on February 2, 2012. Defendant TD Bank, N.A. ("TD Bank") filed its Response in Opposition ("Def.'s Resp.," D.E. 146) on February 21, 2012, to which Plaintiff filed its Reply and Request for Oral Argument ("Pl.'s Reply," D.E. 163) on March 8, 2012. Also before the Court is Defendant TD Bank's Motion to Strike Plaintiff's Reply and for Leave to File Sur-reply ("Def.'s Mot.," D.E. 168), filed on March 13, 2012, Plaintiff's Response in Opposition ("Pl.'s Resp.," D.E. 169), filed on March 14, 2012, and Defendant's Reply ("Def.'s Reply," D.E. 173), filed on March 19, 2012. Having considered the Motions, the Responses, the

Replies, the Sur-reply, and the record, the Court finds as follows.

## I.    Background

This case involves allegations of a large Ponzi scheme run by Defendant Scott W. Rothstein ("Rothstein") and involving TD Bank.  Emess alleges that Rothstein induced it and other investors to buy fictitious structured settlement agreements.  (Complaint, D.E. 1., ¶ 2.) Emess contends that TD Bank, through several of its officers and employees, actively participated in Rothstein's scheme by meeting with investors to vouch for the investments and create an appearance of legitimacy of the transactions, by making false statements to investors in person, on the telephone, and in emails and letters, and by providing false and misleading documents to investors.  (Id. ¶¶ 3, 4, 15, 17, 21, 29, 33, 34, 36, 37, 39; Civil RICO Case Statement ("CRCS"), D.E. 11, at 2-5, 10.)  Based on the fraudulent assurances from Rothstein and TD Bank, Emess contends that from September through October 2009 it purchased sixteen fictitious settlement agreements for a total of $61 million.  (Complaint ¶¶ 2, 46.)  Emess alleges that in late October 2009 there were no funds in its account with TD Bank because the funds were "either wrongfully taken out of Emess' account or never actually deposited into the Emess Account."  (Id. ¶ 45.)  Emess claims that from September through October 2009, it suffered losses of at least $34,212,500.00 as a result of Defendants' actions.  (CRCS 6-7.)

Emess filed this lawsuit on May 26, 2010 against Rothstein[1] and TD Bank.  Counts I through III of the Complaint charged Rothstein and TD Bank with a violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), conspiracy to violate RICO, 18 U.S.C. § 1962(d), and fraudulent misrepresentation.  Count IV of the Complaint charged only TD Bank with aiding and abetting fraud.  On July 1, 2010, TD Bank moved to dismiss the Complaint (D.E. 13), and the Court referred the motion to Magistrate Judge Jonathan Goodman for a Report and Recommendation ("Report").  The Magistrate Judge heard oral argument on the motion on February 23, 2011 (D.E. 66).  On March 9, 2011, the Magistrate Judge issued his Report (D.E. 76), wherein he recommended that TD Bank's Motion to Dismiss be granted on the RICO and RICO conspiracy claims (Counts I and II) and denied on the remaining common law claims (Counts III and IV).  The Magistrate Judge rejected Emess' argument that the Court should consider deposition testimony taken since the filing of this lawsuit, and stated,

> If Emess believes that facts learned in deposition testimony provided after this lawsuit was filed can cure the defects in its pleadings, then it should file an amended complaint to include the new facts that are relevant to the RICO claim against TD Bank.

(Report 14.)  The Magistrate Judge also rejected TD Bank's argument that the RICO claims should be dismissed with prejudice, and stated,

---

[1]Rothstein has not appeared to defend himself.  The Clerk entered default against Rothstein on November 9, 2010 (D.E. 31).  Emess moved for a final default judgment against Rothstein (D.E. 36), which the Court granted on Counts II and III, but denied on Count I (D.E. 130).

> Emess should be permitted to file an amended complaint if, consistent with
> counsels' Rule 11 obligations, it can cure the pleading deficiencies identified
> in the foregoing analysis.

(Id. at 22-23.)  After considering the Parties' objections to the Report (D.E. 89, 91) and the Parties' responses to the objections (D.E. 101, 102), the Court adopted the Magistrate Judge's Report on December 21, 2011 and dismissed without prejudice the RICO and RICO conspiracy claims against TD Bank (D.E. 130).  With regard to the RICO and RICO conspiracy claims against TD Bank, the Court found that Emess had "not adequately pled a pattern of racketeering activity sufficient to survive TD Bank's Motion to Dismiss" because Emess "failed to advance facts sufficient to support a theory of closed-ended continuity and because Emess did not timely advance its theory of open-ended continuity."  (Order, D.E. 130, at 13.)  The Court declined to consider an argument regarding open-ended continuity that Emess raised in its objections to the Report because the argument was not first presented to the Magistrate Judge, either in Emess' response to TD Bank's Motion to Dismiss or during the hearing on the motion.  (See id. at 12-13.)

During the period following the Magistrate Judge's issuance of his Report and prior to the Court's adoption of that Report, the Parties filed numerous documents related to the deadline for amendment of pleadings.  On April 25, 2011, Emess and TD Bank filed a proposed Joint Scheduling Order (D.E. 103-1), wherein Emess and TD Bank proposed that the deadline for filing amended pleadings be set for August 1, 2011.  On August 22, 2011, the Court issued its Scheduling Order pursuant to Rule 16 of the Federal Rules of Civil

4

Procedure and set the deadline for filing amended pleadings for September 1, 2011 (D.E. 107), thereby granting the Parties an additional month beyond their requested deadline to file amended pleadings.  Emess did not file an amended pleading or a motion for extension of time to file an amended pleading by the Court's September 1, 2011 deadline.

On November 2, 2011, Emess filed a Motion for Extension of Discovery Deadlines, wherein Emess stated, "Plaintiff will be seeking leave to amend the Complaint in this case based on newly discovered evidence from outside the instant litigation; this will almost certainly require additional discovery."  (D.E. 114, ¶ 6.)  However, Emess did not move for leave to file an amended complaint in its November 2, 2011 Motion, nor did Emess provide any additional information regarding this "newly discovered evidence."  On December 20, 2011, Emess and TD Bank filed a Joint Motion for Postponement of Mediation, Discovery Deadlines and Trial Date, wherein the Parties stated, "Emess plans to move for leave to amend the Complaint."  (D.E. 128, ¶ 6.)  Emess did not move for leave to file an amended complaint in the Parties' December 20, 2011 Joint Motion, nor did Emess request for the date to file amended pleadings be extended.  On December 22, 2011, the Court granted the Joint Motion and issued its Revised Scheduling Order (D.E. 131).  Because the September 1, 2011 deadline for filing amended pleadings had passed and the Parties did not request for that deadline to be extended, the Revised Scheduling Order lists the deadline for amendment of pleadings as "N/A."

**II.    Plaintiff's Motion for Leave to File Amended Complaint and Defendant's**

**Motion to Strike Plaintiff's Reply**

On February 2, 2012, Emess filed the instant Motion for Leave to File Amended Complaint.[2]  Emess moves to amend the Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure because "[t]hroughout the discovery process in this case and in the related action of Coquina Investments v. Rothstein, Case No. 10-60786-CIV-COOKE, counsel for Emess has learned substantial, additional facts that support Emess' RICO claims against TD Bank."[3]  (Pl.'s Mot. 2.)  Emess provides the following examples of these additional facts: (1) "details regarding the length of time during which specific racketeering activity was taking place, which occurred from in or about 2006 and continuing through 2009," (2) "specific predicate acts, including money laundering transactions, dating from at least as early as April 2008 and continuing through every month through the end of October 2009, including thousands of transactions totaling billions of dollars," (3) "details regarding numerous additional victims of the Ponzi scheme," (4) "evidence demonstrating that TD Bank had knowledge of the fraud and money laundering, that the Bank facilitated the money laundering, and that the racketeering activity would not have ended but for Rothstein's arrest," (5) "details regarding TD Bank's knowledge and participation in the fraudulent

---

[2]Because the Court entered a default judgment against Rothstein on Counts II and III of the original Complaint, Emess "seeks leave of Court to adopt the original complaint as to those two counts only as against Defendant Rothstein."  (Pl.'s Mot. 3.)

[3]Plaintiff's counsel in this case also represent the plaintiff in Coquina Investments v. Rothstein, Case No. 10-60786-CIV-COOKE.  Defense counsel for TD Bank in this case also represent Defendant TD Bank in Coquina Investments.

activity, including engaging in fraudulent 'shows' to mislead investors, deliberately disregarding internal policies and alerts designed to detect money laundering, [and] deliberately failing to contact federal investigators even after knowing that Rothstein was using trust accounts at the Bank to commit money laundering," (6) "TD Bank received significant monetary benefits from its participation in the Ponzi scheme, including but not limited to earning interest on funds held in deposit overnight and earning fees in connection with the thousands of transactions that were run through Rothstein's more than two dozen accounts at TD Bank," and (7) "TD Bank received benefits from Rothstein's referrals of new banking customers (including the Versace Group, Renato watches, and others) to the Bank's former Regional Vice President Frank Spinosa in exchange for TD Bank's participation in the fraud."  (Id. at 2-3.)  Emess also added a claim for civil conspiracy (Count V) against TD Bank and Rothstein in its proposed Amended Complaint, but Emess does not provide any explanation regarding the addition of this claim in its Motion.  (See id. at 1-3.)

In its Response, TD Bank sets forth the following three main arguments: (1) Emess applied the incorrect legal standard in its Motion; (2) Emess cannot show good cause for relief under Rule 16 of the Federal Rules of Civil Procedure because Emess has not diligently pursued discovery; and (3) allowing amendment would unduly prejudice TD Bank.  First, TD Bank argues that Emess "[i]ncorrectly seek[s] refuge under the 'liberal' amendment standard of Rule 15(a)," and Emess "does not even attempt to demonstrate the 'good cause' that is first required by Rule 16(b) in order to obtain relief at this late juncture."  (Def.'s Resp. 1.)

Second, TD Bank contends that Emess has failed to show "good cause" under Rule 16(b) because Emess does not "explain why it failed to meet the September 1, 2011 deadline;" specifically, Emess "loosely declares that it learned of 'significant evidence' at some unspecified time since filing the Complaint in May 2010, without mention of what the evidence is or when, where, or how it was discovered." (Id. at 1-2.) TD Bank further argues that Emess "cannot demonstrate 'good cause' for its untimely Motion to Amend because the September 1, 2011 deadline could easily have been met had Plaintiff diligently pursued discovery." (Id. at 2.)  TD Bank alleges that Emess cannot claim that it acted diligently in pursuing fact discovery prior to the September 1, 2011 amendment deadline because Emess "served its First Request for Production on August 1, 2011," and the "only other written discovery that Plaintiff has propounded in this action is a Second Request for Production and a First Set of Interrogatories, both served on September 28, 2011, and a Third Request for Production served on February 10, 2012." (Id. at 8.)  TD Bank asserts that although Emess suggests that it learned of grounds to amend through discovery in Coquina Investments, "the fact discovery cut-off in Coquina Investments was April 11, 2011, which was 144 days before the amendment cut-off in this case."  (Id. at 9.)  TD Bank also alleges that "the discovery now relied upon to justify the proposed Amended Complaint was in the possession of Plaintiff's counsel well prior to September 1, 2011" because TD Bank produced all of the Rothstein Rosenfelt Adler ("RRA") wire confirmations and account statements to Plaintiff in the RRA bankruptcy action.  (Id. at 10.)  With regard to the new civil conspiracy claim

(Count V), TD Bank argues that Emess cannot premise this claim on newly-discovered evidence because "[t]he sole allegations in the proposed Amended Complaint concerning an unlawful 'agreement' are verbatim identical to those previously pled in the original Complaint." (Id. at 12.)  Finally, TD Bank claims that allowing amendment to the complaint would "unduly prejudice TD Bank" because "Plaintiff has already admitted to the Court that leave to amend 'would almost certainly require additional discovery'" and "[s]uch leave would also result in additional motion practice, thereby stretching all pretrial deadlines to their breaking point."  (Id. (quoting D.E. 114, ¶ 6).)

On March 8, 2012, after obtaining two extensions of time and permission to exceed the page limit from the Court (D.E. 156, 161), Emess filed its Reply, in which Emess raises new arguments, sets forth additional facts, and provides two appendices[4] and twenty-four exhibits that were not included in its Motion for Leave to File Amended Complaint.[5]  For the first time, Emess argues that it has shown good cause for failing to move for leave to amend its complaint by the Court's September 1, 2011 deadline pursuant to Rule 16 of the Federal Rules of Civil Procedure.  (Pl.'s Reply 2.)  In support of this argument, Emess sets forth three main points: (1) waiting for the Court's ruling on TD Bank's Motion to Dismiss constitutes

---

[4]These appendices contain additional factual support for Emess' argument that it received discovery after the September 1, 2011 deadline for amendment of pleadings.  Furthermore, Emess included additional arguments regarding "good cause" under Rule 16 in Appendix B. (See Appendix B to Reply, D.E. 163-2, at 2 n.5.)

[5]In its Reply, Emess also requests for the first time an oral argument on the Motion for Leave to File Amended Complaint; however, Emess provides no reason for its request.

9

good cause, and Emess filed its Motion for Leave to Amend within six weeks of this Court's Order dismissing without prejudice the RICO claims against TD Bank; (2); Emess did not receive the new vital information necessary to amend its RICO claims and add a civil conspiracy claim until after September 1, 2011; and (3) when Emess learned this new information, Emess acted "with all deliberate speed" in developing and filing the proposed amended complaint.  (Id. at 3-8.)  Although "Emess does not deny that it learned some information before September 1, 2011," Emess claims that TD Bank "deliberately withheld" "vital information," including TD Bank's "internal anti-money laundering alerts for the period from April 2008 through September 2009," until November 2, 2011, which was "virtually on the eve of the Coquina trial."  (Id. at 5.)  Emess further asserts that during his deposition in mid-December 2011, Rothstein "revealed new information and categorically confirmed suspicions about the extent of the Ponzi scheme, including TD Bank's active involvement and participation in the conspiracy."  (Id. at 7.)  Emess argues that "[t]he Rothstein testimony, taken together with the anti-money laundering alerts produced in November 2011, and the testimony of other TD Bank officers in December 2011, provided new vital information that Emess relied upon in amending the RICO allegations in the Complaint in this case, as well as adding a civil conspiracy count."  (Id.)

In addition to Emess' new argument that it has shown good cause under Rule 16, Emess reasserts the argument under Rule 15 that it raised in its Motion.  (See id. at 8-12.) In particular, Emess argues that it satisfies Rule 15 because it was not dilatory in filing its

10

motion and allowing an amended complaint would not cause TD Bank to suffer undue prejudice.  (See id.)  Emess contends that it did not unduly delay the filing of its motion because it filed the motion within a few weeks of the Court's dismissal of the RICO claims against TD Bank and because counsel was engaged in the Coquina Investments trial from November 2011 through mid-January 2012.  (Id. at 9.)  Emess also contends that TD Bank would not be unduly prejudiced by an amended complaint because discovery is still on-going and the burden of additional discovery, filing another answer, and additional motion practice is not a sufficient reason to deny a motion to amend a complaint under Rule 15.  (Id. at 10-11.)

On March 13, 2012, TD Bank filed its Motion to Strike Plaintiff's Reply and, Alternatively, for Leave to File Sur-reply.  In its Motion, TD Bank argues that the Court should strike Plaintiff's Reply because Emess improperly used its Reply to raise new arguments and factual allegations.  (Def.'s Mot. 2.)  In particular, TD Bank asserts that Emess did not mention the information it learned from Rothstein's deposition or TD Bank's production of documents in Coquina Investments in its Motion for Leave to File Amended Complaint, and as a result, TD Bank did not address the matters in its Response.  (Id. at 3.)  TD Bank therefore requests that the Court strike Plaintiff's Reply or grant TD Bank leave to file a sur-reply to address the issues raised in Plaintiff's Reply.  (Id. at 4.)

In its Sur-reply, TD Bank argues that even if the Court considers the arguments Emess raised in its Reply, Emess "still falls well short of demonstrating 'good cause' for its

11

untimely Motion to Amend" because it did not act diligently in pursuing discovery.  (Sur-reply, D.E. 168-1, at 3.)  TD Bank asserts that the information Emess learned from the depositions of TD Bank officers in <u>Razorback Funding LLC v. Rothstein</u>, Case No. 09-62943 (Broward County Circuit Court) could have been discovered earlier had Emess sought to conduct its own depositions of the TD Bank officers in this case.  (<u>Id.</u>)  TD Bank argues that Emess' assertion that it obtained new information from Rothstein's deposition testimony is "demonstrably false" because in its proposed Amended Complaint Emess merely rephrases the same allegations set forth in its original Complaint.  (<u>Id.</u> at 3-4.)  Finally, TD Bank argues that it provided all the information about its anti-money laundering alerts to Emess by October 31, 2011 and that there is no nexus between the anti-money laundering alerts and the allegations set forth in the proposed Amended Complaint.  (<u>Id.</u> at 4-6.)

## III .  Legal Standards

"[W]hen a motion to amend [the complaint] is filed after a scheduling order deadline, Rule 16 [of the Federal Rules of Civil Procedure] is the proper guide for determining whether a party's delay may be excused."  <u>Sosa v. Airprint Sys., Inc.</u>, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (per curiam).  Under Rule 16, district courts are required to enter a scheduling order that "limit[s] the time to . . . amend the pleadings.'"  FED. R. CIV. P. 16(b).  This scheduling order "may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4); <u>see also</u> <u>Francois v. Miami Dade Cnty., Port of Miami</u>, 432 F. App'x 819, 821 (11th Cir. 2011) (per curiam) (stating that "to amend a pleading after a court-

imposed deadline, a party must show good cause pursuant to Federal Rule of Civil Procedure 16(b)").  "The good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  <u>Sosa</u>, 133 F.3d at 1418 (quoting FED. R. CIV. P. 16 advisory committee's note); <u>see also</u> <u>Francois</u>, 432 F. App'x at 821 (stating that "[a] party may not show good cause for failing to amend his complaint within the deadline set by the court's scheduling order where he fails to act diligently in pursuing claims").  "In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed."  <u>Ameritox, Ltd. v. Aegis Servs. Corp.</u>, Case No. 07-80498, 2008 WL 2705435, at *2 (S.D. Fla. July 9, 2008).  "If the court finds that the party lacked due diligence, then the inquiry into good cause is ended."  <u>Estate of Duckett v. Cable News Network LLLP</u>, Case No. 5:06-cv-444-Oc-10GRJ, 2010 WL 2025220, at *2 (M.D. Fla. Apr. 19, 2010) (citing <u>Sosa</u>, 133 F.3d at 1418); <u>see also</u> <u>Moyer v. Walt Disney World Co.</u>, 146 F Supp. 2d 1249, 1252 (M.D. Fla. 2000) ("No diligence, no good cause, no leave to amend.").  Accordingly, "even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made."  <u>Ameritox</u>, 2008 WL 2705435, at *2.

In the event that good cause for an untimely amendment is shown under Rule 16, Rule 15 instructs the Court to "freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  "'Although leave to amend shall be freely given when justice so requires, a motion

to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" <u>Maynard v. Bd. of Regents</u>, 342 F.3d 1281, 1287 (11th Cir. 2003) (quoting <u>Brewer-Giorgio v. Producers Video, Inc.</u>, 216 F.3d 1281, 1284 (11th Cir. 2000)).

## IV.    Discussion

### A.    New Arguments Raised in the Reply

Emess raises numerous arguments in its Reply that it did not first raise in its Motion for Leave to File Amended Complaint.   Under this Court's Local Rules, a "reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition." S.D. Fla. L.R. 7.1(c). However, when movant raises new arguments in its reply brief, the district court has discretion to consider these new arguments, provided that the Court allows the opposing party to respond to these new arguments in a sur-reply. <u>See First Specialty Ins. Corp. v. 633 Partners, Ltd.</u>, 300 F. App'x 777, 788 (11th Cir. 2008) (per curiam).  Accordingly, the Court will consider the arguments raised by Emess in its Reply and the arguments raised by TD Bank in its Sur-reply.

The Court notes that this is the second time during this litigation that Emess has raised new arguments in a rebuttal brief.  In its objections to the Magistrate Judge's Report and Recommendation on TD Bank's Motion to Dismiss, Emess raised an argument was not first presented to the Magistrate Judge, either in Emess' response to TD Bank's Motion to Dismiss or during the hearing on the motion, and the Court declined to consider that

14

argument.  (Order, D.E. 130, at 12-13.)  The Court instructs Emess to comply with this Court's Local Rules in all future filings.  The Court will not consider new arguments raised by Emess in any future reply briefs.

> ### B.    Amending the Complaint

Emess filed its Motion for Leave to File Amended Complaint after the September 1, 2011 deadline for amendment of pleadings as set forth in this Court's Scheduling Order. Accordingly, the Court first analyzes Emess' Motion under the "good cause" standard as set forth in Rule 16 of the Federal Rules of Civil Procedure.  See FED. R. CIV. P. 16(b)(4).

The Court finds that Emess has shown good cause for failing to move to amend its Complaint within the September 1, 2011 deadline set by the Court's Scheduling Order.  First, the Court did not rule on TD Bank's Motion to Dismiss and the Magistrate Judge's Report on that Motion until December 21, 2011.  (See Order, D.E. 130.)  In his Report, the Magistrate Judge rejected TD Bank's argument that the Complaint should be dismissed with prejudice, stating that "Emess should be permitted to file an amended complaint if, consistent with counsels' Rule 11 obligations, it can cure the pleading deficiencies identified in the foregoing analysis."  (Report, D.E. 76, at 22-23.)  Accordingly, although the Magistrate Judge's Report notified Emess that Counts I and II of its Complaint contained deficiencies, the Report also indicated that the Court likely would permit Emess to amend its complaint to cure those deficiencies.  In its Order, the Court adopted the Magistrate Judge's recommendation and dismissed without prejudice the RICO claim and the RICO conspiracy

claim (Counts I and II) against TD Bank. On February 2, 2012, within six weeks of this Court's December 21, 2011 Order adopting the Report, Emess moved for leave to file its Amended Complaint. The Court finds that waiting for this Court's ruling on TD Bank's Motion to Dismiss constitutes good cause for failing to comply with the Court's deadline for amendment of pleadings. Significantly, both the Magistrate Judge and this Court rejected TD Bank's argument that the Complaint be dismissed with prejudice; and this Court specifically dismissed Counts I and II of the Complaint without prejudice. Furthermore, until this Court issued its ruling on the Motion to Dismiss, Emess did not have a final ruling regarding the possible deficiencies in its Complaint. Emess had filed objections to the Report (D.E. 91), in which Emess argued that Counts I and II of its Complaint were sufficient to survive TD Bank's Motion to Dismiss. Had the Court found Emess' arguments persuasive and denied TD Bank's Motion to Dismiss in its entirety, there may have been no need to amend Counts I and II of the Complaint.[6]

---

[6]The Court also notes that other courts have found "good cause" under Rule 16 when a party failed to comply with a scheduling order because that party was waiting for a ruling on a motion. See Ruiz v. Affinity Logistics Corp., Case No. 05CV2125, 2009 WL 648973, at *9 (S.D. Cal. Jan. 29, 2009) (finding good cause for the defendant to wait to move for leave to file an amended affirmative defense based on new legal authority until after the Court's ruling on the defendant's motion for summary judgment because "[i]f the Court had granted summary judgment, defendant would have not needed to direct the Court's attention to [the new legal authority]"); Gulf Ins. Co. v. Skyline Displays, Inc., Case Nos. 02-CV-3503(DSD/SRN), 02-CV-3632(DSD/SRN), 2004 WL 5716699, at *3 (D. Minn. Apr. 9, 2004) (finding good cause for the defendant's failure to move for an extension of time to comply with the Court's expert disclosure deadlines because the defendant was waiting on the Court's ruling on its motion to compel discovery); cf. Carefusion 213, LLC v. Professional Disposables, Inc., Case No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (finding good cause for the plaintiff's failure to move to amend its complaint within the Court's deadline and stating that "the Court does not fault Plaintiff for waiting until after the June 9, 2010 mediation to file the

In addition, the Court finds that Emess was diligent in pursuing its RICO, RICO conspiracy, and civil conspiracy claims against TD Bank.  See Sosa, 133 F.3d at 1418; Francois, 432 F. App'x at 821.  Evidence supporting Emess' amended RICO and RICO conspiracy claims and new civil conspiracy claim against TD Bank could not have been discovered in the exercise of reasonable diligence before the Court's September 1, 2011 amendment of pleadings deadline.  In particular, Emess could not have discovered evidence from Rothstein himself or evidence related to TD Bank's internal anti-fraud alerts prior to the Court's September 1, 2011 deadline.

In mid-December 2011, Rothstein was deposed for two weeks by counsel in this case and by counsel in various other cases related to Rothstein's massive Ponzi scheme. Plaintiff's counsel could not have deposed Rothstein before the Court's September 1, 2011 deadline because Judge James Cohn issued an Order in another case directing Rothstein not to give any deposition testimony in any case until December 12, 2011.  See In re Rothstein Rosenfeldt Adler, P.A., Case No. 11-cv-61338, D.E. 32, at 8.  Emess asserts that during his deposition, Rothstein "revealed new information and categorically confirmed suspicions about the extent of the Ponzi scheme, including TD Bank's active involvement and participation in the conspiracy."  (Pl.'s Reply 7; see also Pl.'s Reply Appendices A and B, D.E. 163-1, 163-2.)  For example, Rothstein admitted during his deposition that he gave cash payments to TD Bank executive Roseanne Caretsky, (see Pl.'s Reply Ex. 14, D.E. 163-16,

---

motion [because] there would have been no need for amendment if the mediation had proved successful").

at 49:14-50:7), and Emess added this allegation to its proposed Amended Complaint (see D.E. 142-1, at ¶ 29).

In addition, a month prior to the Court's September 1, 2011 amendment deadline, on August 1, 2011, Emess served a Request for Production of Documents on TD Bank, wherein Emess requested, inter alia, "all fraud alerts related to all RRA accounts." (Pl.'s Reply Ex. 19, D.E. 163-21, at 10.) Emess asserts that TD Bank did not comply with its Request for Production of Documents and produce its internal anti-money laundering alerts for the period from April 2008 through September 2009 for Rothstein's law firm until November 2, 2011. (Pl.'s Reply 5.) Emess further asserts that these alerts showed that "Rothstein laundered several billion dollars through those attorney trust accounts within approximately 18 months, with the active participation and assistance of TD Bank officers," and "Emess had no way to confirm the extent of TD Bank's knowledge and participation until those documents, previously withheld, were finally produced by TB Bank on November 2nd." (Pl.'s Reply 5; see also Pl.'s Reply Ex. 6, D.E. 8, at 1-42.) Emess added allegations related to TD Bank's internal anti-money laundering alerts and TD Bank's failure to act upon these alerts in its proposed Amended Complaint. (See D.E. 142-1, at ¶¶ 46-47.)

Accordingly, because this Court dismissed Counts I and II of the Complaint without prejudice after the Court's amendment of pleadings deadline, and because evidence supporting Emess' amended RICO and RICO conspiracy claims, as well as its new civil conspiracy claim, against TD Bank could not have been discovered in the exercise of reasonable diligence before the Court's amendment of pleadings deadline, the Court finds

18

good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure to modify the scheduling order and permit Emess to file an amended complaint.

Because Emess satisfied the "good cause" standard of Rule 16, the Court now analyzes whether amendment is proper under Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, the Court should grant leave to amend "when justice so requires," FED. R. CIV. P. 15(a)(2); however, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Maynard, 342 F.3d at 1287. Here, the Court finds that there is no reason to deny Emess' Motion for Leave to File Amended Complaint under Rule 15. Emess did not unduly delay the filing of its Motion. Emess filed its Motion months before the close of discovery and within six weeks of this Court's Order dismissing Counts I and II of the Complaint without prejudice. TD Bank will not be prejudiced by the amendment to Count I and II or by the addition of Count V to the Complaint. The Parties have been conducting discovery on Emess' RICO and RICO conspiracy claims (Counts I and II). The addition of the civil conspiracy claim (Count V) is based on the same transactions as the RICO claims. See Bamm, Inc. v. GAF Corp., 651 F.2d 389, 391 (5th Cir. Unit B 1981) (per curiam) (finding that the defendant was not unduly prejudiced by "allowing the addition of fraud and negligence claims to a warranty action involving the same transaction").[7] At the time Emess

---

[7]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

filed its Motion, discovery had not closed.  See id. at 391-92 (finding no prejudice because "[d]iscovery had not been completed at the time of the filing of leave to amend"); see also Williams v. R.W. Cannon, Inc., Case No. 08-60168-CIV, 2008 WL 2229538, at *2 (S.D. Fla. May 28, 2008) (finding no prejudice when the motion for leave to amend was filed when there was six weeks left to complete discovery).  Furthermore, since Emess filed its Motion, TD Bank has filed two motions (D.E. 151, 200) to extend all pending deadlines, including the discovery deadlines.  Finally, the Court does not find that amendment to the Complaint is futile.  In ruling on TD Bank's Motion to Dismiss, the Court found that Emess failed to allege a pattern of racketeering activity in Counts I and II of its Complaint, and Emess seeks to amend Counts I and II to address this error.  Therefore, because the Court has found that Emess has shown "good cause" under Rule 16 for failing to move for leave to amend its complaint by the Court's deadline, and because under Rule 15 the Court "should freely grant leave [to file an amended complaint] when justice so requires," Emess is permitted to file its Amended Complaint.

## V.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that, as consistent with this Order:

1.    Plaintiff's Motion for Leave to File Amended Complaint (D.E. 142), filed on February 2, 2012, is **GRANTED**;

2.    Defendant TD Bank's Motion to Strike Plaintiff's Reply Memorandum in Support of Motion for Leave to File Amended Complaint (D.E. 168), filed on March 13, 2012, is **DENIED**;

3.     Defendant TD Bank's Motion for Leave to File Sur-reply (D.E. 168), filed on March 13, 2012, is **GRANTED**;

4.     Plaintiff's request for an oral argument on its Motion, as set forth in its Reply (D.E. 163), filed on March 8, 2012, is **DENIED**;

5.     The Court adopts Counts II and III of the original Complaint (D.E. 1) against Defendant Scott W. Rothstein;

6.     Plaintiff must refile its Amended Complaint within seven (7) days of this Order;

7.     Defendants must file their responses to Plaintiff's Amended Complaint within the time period set forth in the Federal Rules of Civil Procedure; and

8.     The Parties shall confer and file a Joint Scheduling Form (see D.E. 77, D.E. 77-2) by **May 16, 2012**.  The Court will issue a revised Scheduling Order upon receipt of the Parties' Joint Scheduling Form.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of May, 2012.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**